KELLY, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent as to Part II.A.2.b. of the court’s decision. I would conclude, after looking to the record as a whole and accepting the facts as stated in Part I.A. of the court’s opinion, that substantial evidence does support the Board’s conclusion that Haines did not engage in solicitation. I concur in the rest of the opinion, but not in the judgment reversing the Board’s conclusion that ConAgra violated the Act when it censured Haines for violating its no-solicitation policy.
According to Haines’s version, of events, which the court adopts, Schipper and Courtaway were in the restroom when they agreed to re-sign union authorization cards and when Schipper agreed that Haines could place the cards in her locker. Later, on the production floor, Haines said, “I put those cards in your locker.” I agree that the production-floor statement is not divorced from Haines’s initial effort to obtain their signatures, but that does not necessarily mean the statement qualified as solicitation. To the contrary, by the time she made the production-floor statement, Haines’s initial restroom-based effort to convince Courtaway and Schipper to sign the union authorization cards had concluded: Courtaway and Schipper had agreed to resign cards. “Instead of a solicitation that required a response, the record shows that [Haines’s] statement [was] more akin to a statement of fact.” See Wal-Mart Stores, Inc. v. N.L.R.B., 400 F.3d 1093, 1099 (8th Cir.2005).
I agree with the court that this case presents a close call. And I agree that providing information or mentioning union authorization cards, without more, is not solicitation. But I disagree that the conversation in the restroom and Haines’s statement on the production floor amounted to a single concerted effort to obtain signatures. Based on the record presented, I would conclude there is substantial evidence to support the Board’s finding that Haines did not engage in solicitation. See Town & Country Elec., Inc. v. N.L.R.B., 106 F.3d 816, 819 (8th Cir.1997) (noting the great deference we afford the Board’s affirmation of an ALJ’s findings).